IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KICKCITY USA, INC. AND CHINONSO EZEUDU, §§§§ Plaintiff, §§ v. §§ T-MOBILE US, INC., §§ Defendant. § | Case No. 4:21-cv-04056 |

**INDEX OF MATERIALS ATTACHED TO NOTICE OF REMOVAL**

| Exhibit # | Date Filed | Document |
|---|---|---|
| A-1 | 11/12/2021 | Plaintiffs' Original Petition and Request for Disclosure |
| A-2 | 11/15/2021 | Request for Issuance of Service |
| A-3 | N/A | Docket Sheet |
| A-4 | N/A | Docket Summary |

**EXHIBIT A**

Case 4:21-cv-04056   Document 1-1   Filed on 12/13/21 in TXSD   Page 2 of 15

11/12/2021 5:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59134254
By: Cynthia Clausell-McGowan
Filed: 11/12/2021 5:23 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **KICKCITY USA, INC. and CHINONSO EZEUDU,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **V.** | § § | **HARRIS COUNTY, TEXAS** |
| **T-MOBILE US, INC.** | § § § | |
| **Defendant.** | § | **\_\_\_\_JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, KickCity USA, Inc. and Chinonso Ezeudu ("Ezeudu" or "Plaintiffs"), files this Plaintiffs' Original Petition complaining of Defendant T-Mobile US, Inc. ("T-Mobile" or "Defendant") and for causes of action would respectfully show this Court as follows:

### PARTIES

1. KickCity USA, Inc., is a Wyoming corporation and is doing business in Houston, Harris County, Texas.

2. Mr. Ezeudu is a citizen and resident of Houston, Harris County, Texas.

3. Defendant is a Delaware corporation authorized to do business in Texas and may be served with process through its registered agent, SilverCom, Inc., 11830 Webb Chapel Road, Suite 5000, Dallas, Texas 75234-2783.

### DISCOVERY PLAN

4. Discovery in this case is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

1

**EXHIBIT A-1**

## RULE 47 STATEMENT

5. Plaintiff seeks damages within the jurisdictional limits of this Court, including monetary relief over $250,000.00 but not more than $1,000,000.00. As stated in the comment to the 2013 amendment to Rule 47, this statement is made solely for the purpose of providing information on the nature of the case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter in this litigation because the amount is in excess of the minimal jurisdictional limits of this Court.

7. This Court has personal jurisdiction over Defendant because it routinely conducts business in Texas, has sufficient minimum contacts in Texas, and has intentionally availed itself of this jurisdiction by marketing and selling products and services in Texas.

8. Venue is proper in Harris County, Texas pursuant to Tex.Civ.Prac.&Rem.Code Ann. § 15.002 because Harris County, Texas is where all or a substantial part of the events giving rise to these claims occurred.

## FACTS

9. Defendant provides wireless voice, messaging, and data services in the United States, Puerto Rico, and the U.S. Virgin Islands under the T-Mobile and Metro by T-Mobile brands. The company operates the second largest wireless network in the U.S.

10. Mr. Ezeudu is a doctor of pharmacy and a clinical pharmacist in State of Texas. Mr. Ezeudu is also the owner of Plaintiff KickCity USA, Inc.

11. Mr. Ezeudu is a longtime wireless voice, messaging, and data services customer of Defendant and maintained an account with Defendant identified as T-Mobile Account Number

874811637 ("account").  The account was also used by KickCIty USA, Inc., in the ongoing operation of the business.

12. Plaintiffs bring this lawsuit against Defendant for its failure to property secure and safeguard the account and personally identifiable information of Plaintiffs stored on Defendant's information network, including, without limitation, Plaintiff's first and last name, date of birth, social security number, driver's license information, passport number, physical address, phone number, unique International Mobile Equipment Identity ("IMEI") numbers, financial account numbers, and/or account numbers and PINs (these types of information, inter alia, being referred to herein collectively as "personally identifiable information" or "PII").

13. On November 17, 2019, Mr. Ezeudu was engaged on a wireless voice call when the call abruptly ended involuntarily and all service to his phone stopped.  Suspecting it could be an overall network failure, Mr. Ezeudu returned home and connected to the Wi-Fi service there.  That same day, Mr. Ezeudu began receiving email and notices from his email server, financial institutions and financial accounts that notified him of suspicious activities on his account. The foregoing is referred to herein as a "data breach."

14. By letter dated February 26, 2020, Defendant acknowledged the data breach by stating that "T-Mobile sincerely regrets hearing of an unauthorized SIM card change to Mr. Ezeudu's account and mobile number 5861."

15. Plaintiffs was a long-time customer of Defendant, who provided personally identifiable information to Defendant in order to maintain his mobile phone services from Defendant.  Plaintiffs never authorized any SIM card change and that SIM card change resulted in unauthorized third parties to access Plaintiffs' PII.

3

16. As a result of the data breach, Plaintiffs were deprived of the value in and security of their personally identifiable information and suffered identity theft, monetary loss, the risk of future identity theft, fraud, abuse, and the constant fear, anxiety, and hardship that comes with it. Unfortunately, Plaintiffs will be at risk for identity theft and fraud for years to come.

17. As a result of Defendant's unfair, inadequate, and unreasonable security, protocols, methods, at least one cyber-criminal and unknown others now possess the PII of Plaintiffs. With the first and last name, date of birth, social security number, passport number, driver's license number, and other PPI, unknown third parties and criminals can open new bank accounts, credit accounts, and garner untold amounts of fraud that Plaintiffs will be unable to detect until its too late.  To be sure, Plaintiffs have already suffered financial devastation from fraudulent account transfers.  Plaintiffs' credit profile has been harmed and may be destroyed and his ability to borrow money, obtain credit, or even open bank accounts has been compromised.

18. Plaintiffs' personal financial information was also stolen and exposed to the dark web.  With Plaintiffs' personal identifiable information available on the dark web, he has also had his phone number compromised, and an unknown third party attempt to file for unemployment benefits in his name.

19. Plaintiffs bring this lawsuit alleging negligence, invasion of privacy, and breach of implied contract and seeks actual damages, statutory damages, exemplary damages and restitution, along with his reasonable attorney's fees, costs and expenses.

## CAUSES OF ACTION AGAINST T-MOBILE

**First Claim – Negligence**

20. At all relevant times herein, Defendant owed Plaintiffs a duty of care, *inter alia*, to act with reasonable care to secure and safeguard Plaintiffs' account and to safeguard the PII of Plaintiffs' and to use commercially reasonable methods to do so. Defendant took on this obligation when it opened Plaintiffs' account, accepted and stored the PII of Plaintiffs on its computer systems and networks.

21. Defendant knew that the account and PII of Plaintiffs was private and confidential and should be protected as private and confidential. Defendant owed a duty of care not to subject Plaintiffs to an unreasonable risk of harm because they wore foreseeable and probable victims of inadequate security practices and methods.

22. Defendant knew, or should have known, of the risks inherent in collecting and storing PII, the vulnerabilities of its data security systems and methods, and the importance of adequate security of customer accounts.

23. Defendant knew, or should have known, that cyber criminals routinely target large corporations through various methods to steal sensitive information such as account data and PII.

24. Defendant knew that a breach of its systems and methods would damage Plaintiffs, and all of its customers, and Defendant had a duty to adequately secure and protect the customer accounts, its data systems, and the PII in its possession.

25. Plaintiffs' willingness to entrust Defendant with their account and their PII was predicated on the understanding that Defendant would take adequate security precautions and methods and procedures. Only Defendant had the ability to protect Plaintiffs' account and the data that is stored in Defendant's possession, custody and control.

5

26  Defendant breached its general duty of care to Plaintiffs by:

(1)  failing to exercise reasonable care in obtaining, retaining, securing, and protecting Plaintiffs' account and the PII in its possession;

(2)  failing to protect Plaintiffs' account and PII in its possession by using reasonable and adequate security procedures and systems and methods;

(3) failing to exercise reasonable care in designing, implementing, maintaining, monitoring, and testing Defendant's networks, systems, protocols, policies, methods, and practices to ensure the Plaintiffs' account and PII was adequately secured from impermissible access, viewing, release, disclosure, and publication;

(4)  failing to adequately train its employees in the methods and procedures for securing accounts and Plaintiffs' PII;

(5)  failing to enforce security policies, procedures, methods and practices to properly protect the security of Plaintiffs' account and PII.

27.  There is a casual connection between Defendants' failure to implement and follow reasonable security measures to protect the account and PII of Plaintiffs and the harm suffered by Plaintiffs. Defendants failed to exercise reasonable care in safeguarding Plaintiffs account and PII by adopting, implementing, and maintaining appropriate security measures.

28.  As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered and will suffer injury, as alleged herein, including but not limited to (a) actual identity theft; (b) the compromise, publication, and/or theft of Plaintiffs' PII; (c) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft and the unauthorized use of Plaintiffs' PII; (d) lost opportunity costs associated with the effort expended and the loss of business opportunities and the loss of productivity addressing and attempting to mitigate the actual

and future consequences of the data breach, including but not limited to actual loss of opportunities and revenue, efforts spent researching how to prevent detect, contest, and recover from identity theft; (e) the continued risk to Plaintiffs' PII; (f) future costs in terms of time, effort, and money that will be expended as a result of the data breach for the remainder of the life of Plaintiffs; and (g) the diminished value of Plaintiffs' PII; (h) the diminished value of Defendant's services Plaintiff paid for and received; and/or (i) the actual and attempted sale of Plaintiffs' PII on the dark web.

29. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

**Second Claim—Invasion of Privacy**

30. Plaintiffs had a legitimate and reasonable expectation of privacy with respect to their account and PII and were accordingly entitled to the protection of this information against disclosure and acquisition by unauthorized third parties.

31. Defendant owed a duty to Plaintiffs to keep their PII confidential.

32. Defendant breached its duty to Plaintiffs by allowing unauthorized and unknown third parties to access Plaintiffs account and acquire the PII of Plaintiffs because it failed to protect the account and PII.

33. The unauthorized access to, acquisition of, and/or viewing of the PII of Plaintiffs by unauthorized third parties is highly offensive to a reasonable person.

34. The unauthorized intrusion was into a place or thing which was private and is entitled to be private. Plaintiffs disclosed their PII to Defendant as a part of obtaining services from Defendant, but privately and with an intention that the account and PII would be kept

7

confidential and would be protected from unauthorized disclosure. Plaintiffs were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

35. Defendants' unlawful actions constitute an intentional interference with Plaintiffs' interests in solitude or seclusion, either as to their person or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

36. Defendant acted with a knowing state of mind when it permitted the data breach to occur because it was with actual knowledge that its security practices, procedures, and/or methods were inadequate and insufficient.

37. Because Defendant acted with this knowing state of mind, it had notice and knew the inadequate and insufficient security practices, procedures, and/or methods would cause injury and harm to Plaintiffs.

38. As a proximate result of the above acts and omissions of Defendant, Plaintiffs' PII was disclosed to third parties without authorization, causing Plaintiffs to suffer damages.

**Third Claim—Breach of Implied Contract**

39. When Plaintiffs provided their PII to Defendant in connection with seeking wireless voice, messaging, and data services, they entered into an implied contract in which Defendant agreed to comply with its common law duties to protect Plaintiffs' account and PII.

40. Defendant required Plaintiffs to provide PII to receive wireless voice, messaging, and/or data services.

41. Defendant affirmatively represented that it collected and stored the PII of Plaintiffs in using reasonable, industry standard means.

8

42. Based on Defendant's representations and the implicit understanding of the parties, Plaintiffs' accepted Defendant's offers and provided Defendant with their PII.

43. Plaintiffs fully performed their obligations under the implied contract with Defendant.

44. Defendant breached the implied contract (as described above) with Plaintiffs by failing to safeguard Plaintiffs' account and PII.

45. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered and will suffer injury, as alleged herein, including but not limited to (a) actual identity theft; (b) the compromise, publication, and/or theft of Plaintiffs' PII; (c) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft and the unauthorized use of Plaintiffs' PII; (d) lost opportunity costs associated with the effort expended and the loss of business opportunities and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the data breach, including but not limited to actual loss of opportunities and revenue, efforts spent researching how to prevent detect, contest, and recover from identity theft; (e) the continued risk to Plaintiffs' PII; (f) future costs in terms of time, effort, and money that will be expended as a result of the data breach for the remainder of the life of Plaintiffs; and (g) the diminished value of Plaintiffs' PII; (h) the diminished value of Defendant's services Plaintiff paid for and received; and/or (i) the actual and/or attempted sale of Plaintiffs' PII on the dark web.

## JURY DEMAND

46. Plaintiff respectfully demands a jury trial on all issues so triable and has paid the required fee.

## REQUEST FOR DISCLOSURE

47. Pursuant to Rule 194, Plaintiffs hereby request that Defendant disclose with in fifty (50) days of service of this Petition the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that Defendant be cited to appear, and that Plaintiff have judgment against Defendant for:

(1) An award of appropriate monetary relief, including actual damages, statutory damages, and exemplary damages;

(2) An award of Plaintiff's reasonable and necessary attorney's fees;

(3) An award of the costs of suit;

(4) An award of post-judgment interest, at the maximum legal rate permitted by law; and

(5) An award of such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BEIK LAW FIRM, PLLC**

/s/Paul S. Beik
Paul S. Beik
Texas Bar No. 24054444
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Tel: (713) 869-6975
Fax: (713) 868-2262
Email: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF CHINONSO EZEUDU**

11/15/2021 12:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59159831
By: Rhonda Momon
Filed: 11/15/2021 12:30 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

CASE NUMBER: 202174650
CURRENT COURT: 269th District Court Harris County Texas

Name(s) of Documents to be served: Original Petition + citation

FILE DATE: 11/12/2021 Month/Day/Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: T-Mobile US, Inc via Registered Agent Corporation Service company
Address of Service: 211 E. 7th Street, Suite 620
City, State & Zip: Austin, TX 78701-3218
Agent (if applicable): Corporation Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias    Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [x] ATTORNEY PICK-UP (phone) (713) 869-6975
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk
- [x] E-Issuance by District Clerk (No Service Copy Fees Charged)

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] OTHER, explain _____

Issuance of Service Requested By: Attorney/Party Name: Paul S. Beik Bar # or ID 24054444
Mailing Address: 8100 Washington Ave, Ste 1000 Houston, TX 77007
Phone Number: 713 869-6975

**EXHIBIT A-2**

Harris County Docket Sheet

# 2021-74650

**COURT:** 269th
**FILED DATE:** 11/12/2021
**CASE TYPE:** Other Injury or Damage



**KICKCITY USA INC**

Attorney: BEIK, PAUL STEPHEN

vs.

**T-MOBILE US INC**

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

EXHIBIT A-3

| HCDistrictclerk.com | KICKCITY USA INC vs. T-MOBILE US INC | 12/13/2021 |
|---|---|---|
| | Cause: 202174650    CDI: 7    Court: 269 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 11/12/2021 | **Court** | 269th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686370 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | PERSONAL INJ (NON-AUTO) | **JudgeName** | CORY SEPOLIO |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 11/15/2021 | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| KICKCITY USA INC | PLAINTIFF - CIVIL | | BEIK, PAUL STEPHEN |
| T-MOBILE US INC | DEFENDANT - CIVIL | | |
| EZEUDU, CHINONSO | PLAINTIFF - CIVIL | | BEIK, PAUL STEPHEN |
| T-MOBILE US INC (DELAWARE CORPORATION) MAY BE SERVED THROUGH ITS | REGISTERED AGENT | | |

## INACTIVE PARTIES

**EXHIBIT A-4**

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 11/12/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/12/2021 | ORIGINAL PETITION | | | 0 | | BEIK, PAUL STEPHEN | KICKCITY USA INC |
| 11/12/2021 | ORIGINAL PETITION | | | 0 | | BEIK, PAUL STEPHEN | EZEUDU, CHINONSO |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | T-MOBILE US INC (DELAWARE CORPORATION) MAY BE SERVED THROUGH ITS | 11/15/2021 | 11/16/2021 | | | | 73939572 | E-MAIL |
| | 211 E 7TH STREET SUITE 620 AUSTIN TX 78701 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 98957133 | Request for Issuance of Service Citation | | 11/15/2021 | 1 |
| 98945574 | Plaintiff Original Petition | | 11/12/2021 | 10 |